| DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO<br><br>Court Address:  1437 Bannock Street, Room 256 Denver, CO 80202 | DATE FILED: May 12, 2019 10:10 PM<br>FILING ID: 8A8AFF2E33FE4<br>CASE NUMBER: 2019CV31865 |
|---|---|
| Plaintiff:  **Becky McCray,**<br><br>v.<br><br>Defendant:  **Lockheed Martin Corporation; C & D Enterprises, Inc. d/b/a Allied Universal Security Services, Inc.; and Universal Protection Service, LLC, d/b/a Allied Universal Security Services** | **COURT USE ONLY** |
| *Attorneys for Plaintiff*:<br>K.C. Harpring, #47760<br>Sean M. Dormer, #44962<br>Dormer Harpring, LLC<br>950 S. Cherry St., Suite 300<br>Denver, CO  80246<br>Phone Number: (720) 756-3812<br>Facsimile: (303) 477-7400<br>Email: attorneys@denvertrial.com | Case Number:<br><br><br><br>Division            Courtroom |
| **Complaint and Jury Demand** | |

Plaintiff, Becky McCray ("Ms. McCray"), by and through her attorneys, Dormer Harpring, LLC, and for her Complaint and Jury Demand against Defendants Lockheed Martin Corporation; C & D Enterprises, Inc. d/b/a Allied Universal Security Services, Inc.; and Universal Protection Service, LLC, d/b/a Allied Universal Security Services, states as follows:

## GENERAL ALLEGATIONS

1.      Ms. McCray files suit under theories of Premises Liability and Negligence in connection with injuries she received on May 13, 2017, following an alcohol-fueled party on Defendants' property that resulted in her older, male supervisor drunkenly inviting her onto his motorcycle and then crashing it into a ditch, killing the driver (hereafter known as the "Injury Event," and further described at ¶¶18-47).

2.      At the time of the Injury Event, Ms. McCray's address was 8805 Creekside Way, Highlands Ranch, Colorado 80129.

**Exhibit A**

3.      Defendant Lockheed Martin Corporation ("Lockheed") is a foreign corporation, incorporated under the laws of the state of Maryland, with a principal office street address of 6801 Rockledge Drive, Bethesda, Maryland 20817, and is authorized to do business in the state of Colorado.

4.      Defendant Lockheed Martin Corporation's registered agent for service in Colorado is the Corporation Service Company, 1900 W. Littleton Blvd., Littleton, CO.

5.      Allied Universal Services is a trade name of C & D Enterprises, Inc., a corporation with a principal place of business located at 161 Washington St., Ste. 600, Conshohocken, PA, 19428.

6.      Allied Universal Security Service's registered agent for service in Colorado is The Corporation Company, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

7.      Universal Protection Service, LLC, does business under the name of Allied Security Services, is a Delaware Corporation, and is located at 1551 N. Tustin Ave., #650, Santa Ana, CA 92705.

8.      Universal Protection Service, LLC's registered agent for service in Colorado is The Corporation Company, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

9.      Pursuant to C.R.S. § 13-1-124(1)(a), this Court has personal jurisdiction over Defendants because they transact business in the state of Colorado.

10.     Pursuant to C.R.S. § 13-1-124(1)(b), this Court has personal jurisdiction over Defendants because they committed one or more tortious acts in the state of Colorado.

11.     Pursuant to C.R.S. § 13-1-124(1)(c), this Court has personal jurisdiction over Defendants because they own, use, or possess real property situated in the state of Colorado.

12.     Pursuant to C.R.C.P. 98(c)(1), venue is proper in the County of Denver, Colorado, because the Defendants are nonresidents of Colorado and Denver is the county selected in Ms. McCray's Complaint.

13.     Upon information and belief, at the time of the Injury Event, Defendants were contractually obligated to maintain the Property.

**Exhibit A**

14.     Upon information and belief, said obligations required Defendants to maintain safe conditions on the Property.

15.     Upon information and belief, at the time of the Injury Event, Defendants were in possession and control of the Property.

16.     Upon information and belief, at the time of the Injury Event, Defendants were legally responsible for the condition of the Property.

17.     Upon information and belief, at the time of the Injury Event, Defendants were legally responsible for circumstances existing on the Property.

18.     On May 13, 2017, Lockheed's employees, including Ms. McCray, participated in an "Employee Engagement Team" party (the "Party") at the baseball fields and pavilions located on Lockheed's campus at 12257 S. Wadsworth Boulevard, Littleton, Jefferson County, Colorado (the "Property").

19.     The Party was organized by Lockheed's employees, supervisors and managers in an effort to improve the morale of "technician type" employees.

20.     Pursuant to C.R.S. §13-21-115(5)(a), Ms. McCray was an invitee to the Property at the time of the Injury Event because Ms. McCray entered the land to "transact business in which the parties [were] mutually interested."

21.     Ms. McCray received the benefit of food and beverages in exchange for Lockheed receiving increased morale for their workforce.

22.     Lockheed did not serve alcohol at the Party.

23.     Lockheed had, and has, policies which prohibit alcoholic beverages on company property and at company-sponsored events.

24.     Defendant Allied is contracted by Defendants Lockheed to provide security at its campus and to enforce Defendants Lockheed's security policies.

25.     Despite Defendants Lockheed's written policies, there was an "unwritten rule" among employees, managers and supervisors as well as Lockheed's security contractors that Lockheed would not enforce its alcoholic beverage prohibition for parties like the "Employee Engagement Team" party.

26.     Lockheed made no attempts to stamp out the culture of alcohol consumption on company property and at company-sponsored events.

27.     Lockheed's "no alcohol" policy is routinely ignored by its employees,

Exhibit A

managers, and supervisors.

28.    Male supervisors routinely consumed alcohol at company events with female subordinates.

29.    Defendants C & D Enterprises, Inc., and Universal Protection Service, LLC, (collectively "Security") despite being charged with enforcing Lockheed's policies prohibiting alcoholic beverages consumption "looked the other way" knowing that Lockheed would not enforce the prohibition at the Party.

30.    At the Party, Lockheed's employees, supervisors and managers were drinking alcoholic beverages including beer, tequila, and vodka shooters.

31.    Ms. McCray, a technician at Lockheed, attended the Party.

32.    While at the Party, Ms. McCray interacted with senior manager, Christopher Weigand, one of Lockheed's managers in attendance.

33.    Both Ms. McCray and Mr. Weigand consumed numerous alcoholic beverages together at the Party.

34.    At that time, Ms. McCray was going through a difficult divorce.

35.    After drinking with Mr. Weigand, Ms. McCray became somewhat inebriated.

36.    Once she was inebriated, the senior manager invited Ms. McCray to take a ride with him on his motorcycle.

37.    Ms. McCray was unfamiliar with motorcycles or how to ride them.

38.    Ms. McCray accepted the senior manager's invitation.

39.    Mr. Weigand drove his motorcycle with Ms. McCray as his passenger.

40.    Mr. Weigand sped away from the Party down Cemetery Road.

41.    Cemetery Road is a private road on the Property.

42.    While traveling on Cemetery Road, Mr. Weigand lost control of his motorcycle while approaching a turn on the Property.

43.    Mr. Weigand's motorcycle left the road with both riders on it and thudded into an embankment of a ditch on the Property.

Exhibit A

44.    The force of the impact into the embankment ejected both Mr. Weigand and Ms. McCray from the motorcycle.

45.    Mr. Weigand died from his injuries at the scene.

46.    Mr. Weigland's blood alcohol limit was found to be well in excess of Colorado's legal limit.

47.    Ms. McCray suffered serious injuries but survived the crash.

48.    As a direct and reasonably foreseeable result of Defendants' failure to enforce the no alcohol policy, Ms. McCray suffered serious injuries requiring multiple surgeries.

49.    One of the causes of her injuries was the Defendants' failure to exercise reasonable care to protect against dangers on the Property of which Defendants knew or should have known.

50.    One of the causes of her injuries was the Defendants' failure to exercise reasonable care with respect to dangers created by the Defendants of which the Defendants actually knew.

51.    One of the causes of her injuries was the Defendants' hosting of an alcohol-fueled Party on the Property.

52.    One of the causes of her injuries was the Defendants' failure to enforce their no alcohol policy.

53.    One of the causes of her injuries was the Defendants' tacit encouragement of employees, supervisors, and managers to get drunk together on the Property to "boost morale."

54.    As a direct and reasonably foreseeable result of Ms. McCray's Injuries, she has suffered and will suffer past and future economic damages, past and future non-economic damages, and damages for permanent physical impairment and disfigurement.

55.    As a direct and reasonably foreseeable result of the Injuries, Ms. McCray has been rendered more vulnerable to subsequent injury.

56.    As a direct and reasonably foreseeable result of the Injuries, Ms. McCray has had to move states and change jobs.

57.     As a direct and reasonably foreseeable result of the Injuries, Ms. McCray has suffered lost wages.

58.     As a direct and reasonably foreseeable result of the Injury Event, Ms. McCray was forced to go through a criminal proceeding, including jail time, to clear her name in relation to the Injury Event.

59.     As a direct and reasonably foreseeable result of the Injury Event, Ms. McCray moved from Colorado.

60.     As a direct and reasonably foreseeable result of the Injury Event, Ms. McCray has suffered disfigurement including surgical scars and evidence of numerous skin grafts.

61.     Ms. McCray's date of birth is May 21, 1984.

62.     At the time of the Injury Event, Ms. McCray was 32 years old.

63.     Pursuant to C.R.S. § 13-25-102, Ms. McCray had a life expectancy of 49.8 additional years at the time of the Injury Event.

## FIRST CLAIM FOR RELIEF
### (Premises Liability against all Defendants)

64.     Ms. McCray incorporates by reference ¶¶ 1-63 as though set forth in their entirety hereunder.

65.     At the time of the Injury Event, Defendant Lockheed was a "Landowner" as defined by C.R.S. § 13-21-115(1).

66.     At the time of the Injury Event, Defendant C & D Enterprises, Inc., was a "Landowner" as defined by C.R.S. § 13-21-115(1).

67.     At the time of the Injury Event, Defendant Universal Protection Service, LLC, was a "Landowner" as defined by C.R.S. § 13-21-115(1).

68.     Ms. McCray was an "invitee" because, as Defendants' employee, she was affirmatively encouraged by Defendants Lockheed to be present at the Party and would receive the benefit of a favorable opinion of her from her superiors while Defendants received her contribution to company morale.

69.     As a landowner, Defendants owed Ms. McCray a duty to exercise reasonable care with respect to dangers at the Property of which they knew or should have known.

70.     Defendants were in possession of the property where both the Party and Injury Event occurred and was in control of the activities that occurred on the Property.

71.     Said duty is a non-delegable duty. Restatement (2d) of Torts, Section 422 (1965); *Springer v. City, County of Denver*, 13 P.3d 794 (Colo. 2000); *Reid v. Berkowitz*, 2013 COA 110.

72.     Because said duty is non-delegable, all of the landowners of the Property are jointly and severally liable for each other's tortious acts.

73.     Defendants breached their duty to Ms. McCray by unreasonably failing to protect against the dangerous conditions described above, which they both created and knew or should have known was present on the Property.

74.     As a direct and reasonably foreseeable result of said unreasonable failure, Ms. McCray has suffered and will suffer Injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement.

## SECOND CLAIM FOR RELIEF
### (Negligence Claim against all Defendants)

75.     Ms. McCray incorporates by reference ¶¶ 1-63 as though set forth in their entirety hereunder.

76.     Defendants owed Ms. McCray a duty of reasonable care.

77.     Defendants breached their duty of reasonable care by failing to enforce the no alcohol policy, by encouraging their workforce to get drunk at the Party, by allowing and encouraging Security not to enforce the no-alcohol policy, by making it known to the workforce that the no-alcohol policy was not enforced, and by not taking action when their workforce became drunk at the Party, as referenced above on the Property.

78.     Defendants were negligent.

79.     As a direct and reasonably foreseeable result of Defendants' breach of their duty, Ms. McCray was injured and has suffered economic damages, non-economic damages, and damages for physical impairment and/or disfigurement.

Exhibit A

## THIRD CLAIM FOR RELIEF
### (Negligent Supervision Against Defendants)

80.     Ms. McCray incorporates by reference ¶¶ 1-63 as though set forth in their entirety hereunder.

81.     Defendants owed Ms. McCray a duty of reasonable care to properly supervise their employees and agents.

82.     Defendants breached their duty to Ms. McCray when they allowed and encouraged their employees and agents to not enforce a no-alcohol policy on the Property.

83.     As a direct and reasonably foreseeable result of Defendants' breach of their duty, Ms. McCray was injured and has suffered economic damages, non-economic damages, and damages for physical impairment and/or disfigurement.

## FOURTH CLAIM FOR RELIEF
### (Respondeat Superior)

84.     Ms. McCray incorporates by reference ¶¶ 1-63 as though set forth in their entirety hereunder.

85.     Defendant Lockheed is a corporation and can act only through its officers and employees.

86.     Security were the agents of Defendant Lockheed at the time of the Injury Event and the Party.

87.     Security is a corporation and can act only through its officers and employees.

88.     Security's tortious acts and omissions within the scope of their employment with Defendant Lockheed was the act or omission of Defendant Lockheed.

## Jury Demand

89.     Ms. McCray requests a trial by jury of her peers for each of her claims.

WHEREFORE, Plaintiff, Becky McCray, requests that judgment be entered in her favor and against Lockheed Martin Corporation; C & D Enterprises, Inc. d/b/a Allied Universal Security Services, Inc.; and Universal Protection Service, LLC, d/b/a Allied Universal Security Services, for all available relief, including without

Exhibit A

limitation economic damages, non-economic damages and damages for physical impairment and disfigurement, as well as and interest, costs, and attorney's fees, and such other relief as this Court deems proper.

RESPECTFULLY SUBMITTED at Denver, Colorado, this 12th day of May, 2019.

/s/ K.C. Harpring
K.C. Harpring, (# 47760)
Sean M. Dormer, (# 44962)
Dormer Harpring, LLC
950 S. Cherry St., Ste. 300
Denver, CO  80246
Telephone: (303) 756-3812
Facsimile: (303) 477-7400
E-mail: smd@denvertrial.com
         kch@denvertrial.com

Wallace M. Brylak, Jr., (#51812)
Brylak Law
15900 La Cantera Pkwy., Ste. 19245
San Antonio, TX, 78256
Telephone: (719) 224-4444
Facsimile: (210) 558-4804
E-mail: wbrylak@brylaklaw.com

*Attorneys for Plaintiff*

Plaintiff's Current Address:
5105 Fay Blvd.
Cocoa, FL 32927-9048

**Exhibit A**