# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Case No. 1:19-cv-03298-DDD-NRN

BECKY MCCRAY,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,

    Defendant.

---

## ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS

---

Plaintiff Becky McCray was an employee of Defendant Lockheed Martin Corporation. Attending a party on Lockheed's campus, she and a senior manager consumed alcohol, and the two rode off on the manager's motorcycle. While still on Lockheed's campus, the manager crashed the motorcycle. He died, and Ms. McCray sustained injuries. She now sues Lockheed, alleging state-law theories of tort liability all premised on the presence of alcohol at the party. Lockheed removed the case, invoking diversity jurisdiction. Before the Court are two motions: Ms. McCray's motion to remand (Doc. 19), which is **DENIED**; and Lockheed's motion to dismiss (Doc. 14), which is **GRANTED**.

### PROCEDURAL HISTORY AND MOTION TO REMAND

On May 12, 2019, Ms. McCray filed this suit in the Colorado District Court for Denver County against three entities: Lockheed and two limited liability companies she alleged provided security on Lockheed's

Colorado campus. Lockheed removed the action, but the Court remanded it because Lockheed was unable to show that the LLCs were diverse from the other parties. *See generally* Docket, No. 19-cv-02270 (D. Colo.). Ms. McCray subsequently dismissed the LLCs (which do business as Allied Universal Security Services), and Lockheed removed the action again under 28 U.S.C. § 1332. (*See* Doc. 1.) On December 16, 2019, Ms. McCray filed a motion to remand, in which she argues that, even without the Allied Universal entities in the case, Lockheed has shown neither complete diversity nor that the amount in controversy exceeds $75,000. (Doc. 19.)

"A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business, for diversity jurisdiction purposes, is its nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). As Ms. McCray points out, the "burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction," *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)), and when "challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp.*, 559 U.S. at 96–97.

Ms. McCray is a citizen of Florida. Initially, she argued that Lockheed's "bare assertions," contained within its notice of removal, do not establish that it is not also a citizen of Florida. (Doc. 19, at 5–6.)[1] Lock-

---

[1] The parties also dispute the extent to which Lockheed's removal works against the purpose behind diversity jurisdiction, "namely, opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties." *Hertz Corp.*, 559 U.S. at 85.

- 2 -

heed responded by supplying an affidavit and a document from the Colorado secretary of state showing that (1) it is incorporated in Maryland, and (2) the operations of all four of its main business segments—including those of Lockheed Martin Space, which operates on the campus at issue here—are subject to the approval, oversight, and authority of its corporate headquarters in Maryland. (*See* Docs. 26-1, 26-2.) In her reply, Ms. McCray concedes that "Lockheed's main incorporation is in Maryland, and it has provided sufficient evidence that its 'nerve center' appears to be in Maryland," but she maintains that "it nonetheless is also at home in Florida." This is because, her theory goes, "the plain language of [28 U.S.C.] § 1332(c)(1) specifically allows scenarios where a corporation is a citizen of multiple States where it has been incorporated in the past," and so "a corporation [is] the citizen of *every* state by which it has been incorporated by, [and] Lockheed, in part or in whole, was in the past or is currently incorporated in Florida." (Doc. 27, at 3 (emphasis in original).)

Ms. McCray is wrong. Even were a corporation capable of having multiple states of incorporation, Ms. McCray has not controverted Lockheed's evidence that it is incorporated in Maryland only. First, Ms. McCray's suggestion that there are other Lockheed entities at issue in this suit does not square with her decision to sue Lockheed Martin Corporation, an entity she cannot dispute was incorporated in Maryland, not Florida.[2] Second, it is immaterial that Lockheed, on its own or

---

Given the clear language of the governing statute and binding case law, these arguments are of no use.

[2] The Court is not aware of whether some other Lockheed entity has been formerly incorporated elsewhere, but even if it were, that fact would not be material to the present motion. According to the Maryland Secretary of State website, Lockheed Martin Corporation was incorporated there in 1994. *See* Lockheed Martin Corporation, MARYLAND BUSI-

through other entities, does certain business in Florida. A "corporation's 'nerve center,' usually its main headquarters, is a single place." *Hertz Corp.*, 559 U.S. at 93. This is where "officers direct, control, and coordinate the corporation's activities." *Id.* at 78. As Lockheed has demonstrated, and Ms. McCray concedes, the relevant nerve center is Maryland because that is the location from whence its operations are directed.

Ms. McCray also initially argued that Lockheed failed to show that the amount in controversy exceeds $75,000. This disingenuous position ignores her own representations made to the Colorado court stating that she sought a monetary judgment over $100,000 (Doc. 1-2, at 3), and to this Court certifying "economic damages in the amount of $1,169,437.44," in addition to other damages, and that "the amount in controversy exceeds the sum of Seventy-Five-Thousand-Dollars." (Doc. 26-3, at 8, 13 (including a copy of the scheduling order from No. 19-cv-02270 (D. Colo.).) The Court is satisfied the amount in controversy meets the jurisdictional requirements.

For these reasons, the Court finds it has subject matter jurisdiction over this case. Ms. McCray's motion to remand is denied, and the Court turns to the merits of the motion to dismiss.

---

NESS EXPRESS (accessed Jan. 22, 2020); *see also* Lockheed Martin Corporation, FLORIDA DIVISION OF CORPORATIONS (accessed Jan. 22, 2020) (recognizing Lockheed as a foreign corporation with a principal address in Maryland).

## ALLEGATIONS IN THE COMPLAINT

The following allegations are taken from Ms. McCray's Complaint (Doc. 6) and are treated as true for purposes of assessing the motion to dismiss. *See Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013).

On May 13, 2017, Lockheed's employees, including Ms. McCray, participated in an "Employee Engagement Team" party, organized by the company, at the baseball fields and pavilions at Lockheed's campus in Jefferson County, Colorado. Lockheed has policies that prohibit alcoholic beverages on company property and at company-sponsored events. Despite those policies, there was an "unwritten rule" that Lockheed would not enforce the alcoholic beverage prohibition for parties like the one at issue here and would even "encourag[e] [its] workforce to get drunk at" them.

Lockheed did not serve alcohol at the party, but Lockheed's employees, supervisors, and managers provided it themselves, and many were drinking. While there, Ms. McCray interacted with a senior manager, Christopher Weigand, and the two of them consumed numerous alcoholic beverages. Mr. Weigand then invited Ms. McCray to ride with him on his motorcycle, and she accepted. With Mr. Weigand driving, the two sped away from the party down Cemetery Road, a private street on Lockheed's property. Mr. Weigand lost control, the motorcycle crashed into a ditch, and both passengers were ejected. Mr. Weigand died at the scene. Ms. McCray suffered serious injuries but survived.

Ms. McCray now brings claims against Lockheed for premises liability, negligence, and negligent supervision—all based on Lockheed's alleged unreasonable failure "to protect against the dangerous conditions" created by permitting alcohol at the party and failure "to enforce

the no alcohol policy[] by encouraging [its] workforce to get drunk at the [p]arty."

## MOTION TO DISMISS

Lockheed moves to dismiss on a single ground: According to Lockheed, Ms. McCray's causes of action—all state-law tort theories based on Lockheed's allowance and facilitation of the consumption of alcohol—are barred by the protections of Colorado's Dram Shop Act. In relevant part, that Act reads:

> (1) The general assembly hereby finds, determines, and declares that this section shall be interpreted so that any common law cause of action against a vendor of alcohol beverages is abolished and that in certain cases the consumption of alcohol beverages rather than the sale, service, or provision thereof is the proximate cause of injuries or damages inflicted upon another by an intoxicated person, except as otherwise provided in this section. . . .
>
> (4)(a) No social host who furnishes any alcohol beverage is civilly liable to any injured individual or his or her estate for any injury to the individual or damage to any property suffered, including any action for wrongful death, because of the intoxication of any person due to the consumption of such alcohol beverages, except when:
>
> (I) It is proven that the social host knowingly served any alcohol beverage to the person who was under the age of twenty-one years or knowingly provided the person under the age of twenty-one a place to consume an alcoholic beverage; and
>
> (II) The civil action is commenced within one year after the service.

Colo. Rev. Stat. § 44-3-801.³ In diversity cases, federal courts apply state law and must defer to the decisions of the controlling state's highest court. *Kokins v. Teleflex, Inc.*, 621 F.3d 1290, 1295 (10th Cir. 2010). When interpreting a statute, the Colorado Supreme Court "give[s] effect to the intent of the General Assembly," looking first to the plain language of the statute to ascertain its meaning, *Build It and They Will Drink, Inc. v. Strauch*, 253 P.3d 302, 304–05 (Colo. 2011), and seeks to promote a "consistent and harmonious effect." *Colo. Common Cause v. Meyer*, 758 P.2d 153, 161 (Colo. 1988).

Lockheed argues, under the circumstances alleged here, that it is a "social host" within the meaning of the Act and so is protected from liability for injuries caused by its guest, Mr. Weigand. Ms. McCray responds that Lockheed is not a protected social host because the company did not furnish alcohol to anyone at the party.

As a matter of first principles, Ms. McCray has a point. The operative text in the Act does indeed suggest that it only protects a "social host who furnishes any alcohol beverage." And the allegations here do not say that Lockheed purchased, served, or otherwise directly "furnished" alcohol at the party. Lockheed, though, argues that failing to treat it as a social host under the Act would lead to the bizarre result that it (and other party hosts) *would not* be liable if they had actively supplied alcohol to someone who gets intoxicated and causes injury, but *would* be liable if someone else brought the alcohol.

Though the Act itself does not define either "social host" or "furnish," the Court is convinced that Colorado's courts would agree with Lockheed that the Act applies here. Colorado courts broadly interpret

---

³ At the time of the party, the Dram Shop Act was codified, in identical form, at Colo. Rev. Stat. § 12-47-801.

- 7 -

the term "social host" to include employers who provide alcohol to their employees and homeowners who serve alcohol to guests. *Charlton v. Kimata*, 815 P.2d 946, 949–50 (Colo. 1991); *Rojas v. Engineered Plastic Designs, Inc.*, 68 P.3d 591, 593–94 (Colo. App. 2003). The result of shielding a party host who directly supplies alcohol from liability while not protecting the seemingly less-culpable host who does not, even if both do not prevent drinking, would be contrary not only to logic and common sense, but to the stated purpose of the Act, which was "to shift the responsibility for drinking alcohol from the vendor or provider to the consumer of alcohol beverages." *Rojas*, 68 P.3d at 592; *see also Przekurat ex rel. Przekurat v. Torres*, 428 P.3d 512, 514 (Colo. 2018).

*Rojas* is instructive. There, the employer maintained a room on its premises where it kept a keg of beer, and officers and employees used the room for social gatherings. 68 P.3d at 591. One day after work, an employee drank in the room, drove off, and hit the plaintiffs, killing one of them. *Id.* at 591–92. The Court of Appeals held the employer was a "social host," and therefore protected by the Act: "Here the evidence showed only that [the employer] made beer available to the employee and that [the employer's] officers did not prevent the employee from driving. This conduct . . . does not remove [the employer] from the protection of the Act." *Id.* at 594. The allegedly negligent behavior here, too, involves Lockheed making alcohol available through encouraging managers and employees to bring it to the party (i.e., "furnishing" it) and not preventing its intoxicated guest from riding away.

Likewise, in *Forrest v. Lorrigan*, the Court of Appeals addressed a defense based on the Act from parents who had hosted a party at which teens drank and then caused an accident. 833 P.2d 873 (Colo. App. 1992). *Forrest* focused on the exception for serving minors to the general rule against liability. At the time that case was decided, that exception

provided that a social host could not be liable unless the host "willfully and knowingly served" alcohol to an underage guest. 833 P.2d at 874. The court ultimately held that the parents could not be liable because they did "not physically purchase or serve the alcohol" but merely provided the underaged persons a place to drink. *Id*. In doing so, the Colorado court flatly stated that under the Act, unless the exception for serving minors applies, "a social host is not liable for injury to a third person because of the intoxication of a guest." *Id*.

This broad view of the Act has been in place for nearly thirty years, and although Colorado's legislature has amended the statute since, it has not done anything to alter this language or its interpretation. Under principles of *stare decicis*, the Court believes this remains an accurate statement of how Colorado's courts would apply the Act. *See Kimble v. Marvel Entm't, LLC*, 135 S. Ct. 2401, 2409 (2015) ("What is more, *stare decisis* carries enhanced force when a decision [ ] interprets a statute. Then, unlike in a constitutional case, critics of our ruling can take their objections across the street, and [the legislature] can correct any mistake it sees.").

Ms. McCray argues that, despite this statement of the basic law, *Forrest* should be read differently. And she is correct in pointing out that *Forrest* emphasizes the importance of active participation in the service or provision of alcohol. But *Forrest* does so only in the context of the *exception* to the rule, which required determining whether the defendants had "willfully and knowingly served" minors at that time. The *Forrest* court did not suggest that such active participation was required to fall under the statute at all, which is Ms. McCray's argument here. And, in fact, if Ms. McCrary were correct that only a host who purchases, sells, or directly serves the alcohol is protected by the Act then the result

in *Forrest* should have been the opposite given the lack of such action there.[4]

Ms. McCray's reliance on *Westin Operator, LLC v. Groh* is also misplaced. There, the plaintiffs were injured in a car crash after being evicted from their hotel room for being drunk and disorderly. 347 P.3d 606, 610 (Colo. 2015). They sued the hotel for negligence, premises liability, breach of contract, and negligent hiring and training, and it was undisputed that, even though it was a liquor licensee, the hotel itself did not provide the plaintiffs with any alcohol. *Id.* at 610, 617. The Colorado Supreme Court rejected the hotel's effort to use the Act as a shield against liability. *Id.* at 617–18. Unlike *Rojas*, where the scope of protections applicable to "social hosts" was squarely at issue, *Westin Operator* did not involve a social host, but a liquor licensee and its duty to exercise reasonable care in evicting an intoxicated guest. *See Raup v. Vail Summit Resorts, Inc.*, 160 F. Supp. 3d 1285, 1289 (D. Colo. 2016) (discussing *Westin Operator* in dismissal of negligence claim preempted by the Premises Liability Act). The allegations here are closer to those in *Rojas* and *Forrest*.

The limited circumstances outlined in the Act provide "the only basis for a claim of negligently selling, serving, or providing alcohol bev-

---

[4] Since *Forrest* was decided, the language of the exception has been amended to provide that liability can attach if the social host knowingly serves a minor *or* knowingly provides a minor a place to consume alcohol. None of the participants in the events at issue here were minors, so this exception is not directly relevant here. It is worth noting, however, that if Ms. McCray were correct, and a host could be liable if it permits the consumption of alcohol on its property, the revised exception, which says that is true only of hosts who provide minors a place to drink, would be superfluous and contradictory.

erages, because in all other cases it is the consumption of alcohol beverages that is the proximate cause of the injury caused by the intoxicated person." *Rojas*, 68 P.3d at 592–93. Colorado's courts have interpreted the Act to generally prevent plaintiffs from suing the host of a party "for injury to a third person because of the intoxication of a guest." *Forrest*, 833 P.2d at 874. Since that is what the Complaint here seeks to do, it must be dismissed.

## CONCLUSION

Ms. McCray's motion to remand (Doc. 19) is **DENIED**. Lockheed's motion to dismiss (Doc. 14) is **GRANTED**. The Complaint (Doc. 6) is **DISMISSED WITH PREJUDICE**. This case shall be closed.

Dated: January 30, 2020.     BY THE COURT:

_____
Daniel D. Domenico
United States District Judge